**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| PETER MORALES #18444-280 | § | |
| | § | |
| V. | § | A-10-CA-016-LY |
| | § | |
| LT. GOMEZ | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Defendant's Motion to Dismiss, which was converted to a Motion for Summary Judgment (Document No. 18); Defendant's Supplemental Motion for Summary Judgment and Motion to Dismiss (Document No. 20); and Defendant's Second Supplemental Motion for Summary Judgment and Motion to Dismiss (Document No. 24). Plaintiff, proceeding pro se, has paid the full filing fee for his lawsuit.

## I.  BACKGROUND

At the time he filed his civil rights complaint, Plaintiff was an inmate incarcerated in the Federal Medical Center in Butner, North Carolina. Subsequently, Plaintiff was transferred to the Federal Detention Center in Houston, Texas. Plaintiff complains about his previous confinement as a pretrial detainee in the Bastrop County Jail. Specifically, Plaintiff alleges he was attacked by

another inmate in the visitation room, which he contends was improperly supervised and understaffed. Plaintiff sues Lieutenant Gomez. He seeks an unspecified amount of monetary damages and requests a federal investigation into the jail procedures for pretrial detainees at the Bastrop County Jail.

Defendant Gomez filed a Motion to Dismiss [#18] on September 2, 2010. On September 7, 2010, the Court converted the motion to a motion for summary judgment and provided the parties the opportunity to file summary judgment evidence. On October 1, 2010, Defendant Gomez supplemented her Motion to Dismiss by filing a Supplemental Motion for Summary Judgment and Motion to Dismiss [#20]. Attached to the motion are unauthenticated jail and medical records related to Plaintiff's incarceration in the Bastrop County Jail. After consideration of Defendant Gomez's original motion and supplemental summary judgment evidence, the Court determined the motion and supplement were vastly inadequate and ordered Defendant to file an amended supplement. The Court explained Plaintiff's primary complaint is that Defendant Gomez failed to protect him from an inmate assault. However, Defendant failed to include her affidavit indicating what knowledge she had regarding the assault and whether she was in a position to protect Plaintiff from harm. In addition, the records relied upon by Defendant did not show whether the visitation room was properly supervised and staffed or what the investigation of the fight revealed.

On November 19, 2010, Defendant Gomez filed a Second Supplemental Motion for Summary Judgment and Motion to Dismiss [#24]. Attached to her motion is her affidavit in which she states she was not at the jail at the time of the incident in question. Plaintiff failed to respond to Defendant's motions.

## II. ANALYSIS

A.    <u>Summary Judgment Standard</u>

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996);  <u>Int'l Shortstop, Inc. v. Rally Inc.</u>, 939 F.2d 1257, 1263 (5th Cir. 1991), <u>cert.</u> <u>denied</u>, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. <u>Ray v. Tandem Computers, Inc.</u>, 63 F.3d 429, 433 (5th Cir. 1995);  FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  <u>Id.</u> at 322, 106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  <u>Id.</u> at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 324, 106 S. Ct. at 2553.  The non-moving party must

---

[1]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. <u>See</u> FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court."  James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.    Qualified Immunity

Defendant Gomez asserts her entitlement to qualified immunity.  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability.  Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992).  "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law."  Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.  Waltman v.

4

Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted).  To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations."  Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—must be decided at the outset.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).  Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

1.    Failure to Protect

As a pretrial detainee, Plaintiff's constitutional rights flow from the procedural and substantive due process guarantees of the Fourteenth Amendment, whereas the constitutional rights of convicted inmates flow from the Eighth Amendment's prohibition on cruel and unusual punishment.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994); Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir.1996) (en banc).  However, the standard of analyzing failure to protect claims is the same.

Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement.  Brumfield v. Hollins, 551 F.3d 322, 327 (5th Cir. 2008) (citing Hare, 74 F.3d at 650).  A pretrial detainee's rights are "said to be 'at least as great as the Eighth Amendment protections available to a convicted prisoner.' "  Hare, 74 F.3d at 639 (quoting City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S. Ct. 2979 (1983)).

In this case Plaintiff cannot prevail on his failure-to-protect claim against Defendant Gomez. Defendant Gomez presented undisputed summary judgment that she was not even at the jail at the time in question. To the extent Defendant is sued in her individual capacity, she is entitled to summary judgment.

      C.    <u>County Liability</u>

Plaintiff's claims brought against Defendant Gomez in her official capacity are the same as if the claims were made against Bastrop County. However, a municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.' " <u>James v. Harris County</u>, 577 F.3d 612, 617 (5th Cir. 2009) (quoting <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001)). For liability to attach, "the municipality must cause the constitutional tort, which occurs 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" <u>Bolton v. City of Dallas</u>, 541 F.3d 545, 548 (5th Cir. 2008) (quoting <u>Monell</u>, 436 U.S. at 694). To hold a municipality liable under this standard, "a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." <u>James</u>, 577 F.3d at 617. The plaintiff must establish a "direct causal link" between the municipal policy and the constitutional deprivation. <u>Id.</u> (citations and quotations omitted). This requires "direct causation" between the policy and the alleged violation. <u>Peterson v. City of Fort Worth, Tex.</u>, 588 F.3d 838, 848 (5th Cir. 2009) (internal quotations and citations omitted). This requires "more than a mere 'but for' coupling between cause and effect." <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1281 (5th Cir. 1992) (citations omitted).

Plaintiff does not identify any particular written or adopted policy on which he bases his claim. Rather, he simply alleges the visitation room was improperly supervised and understaffed. Defendants provide summary judgment evidence that the visitation room was supervised by two correctional officers in the control center and one correctional officer in the lobby of the visitation area where the altercation between Plaintiff and the other inmate occurred. <u>See</u> Defendant's Second Supplement (Affidavit of Charlie Littleton). According to Defendants, the altercation began when Plaintiff swung at another inmate. <u>Id.</u>

The summary judgment evidence does not show that Bastrop County had an official policy or custom that was the moving force behind Plaintiff's alleged constitutional violation or that the visitation room in the Bastrop County Jail was unsupervised or understaffed. Because Plaintiff fails to raise a fact issue as to whether Bastrop County is liable under 42 U.S.C. § 1983, Defendant Gomez is entitled to summary judgment with respect to Plaintiff's claims against her in her official capacity.

## III.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant's Motion to Dismiss, which was converted to a motion for summary judgment [#18], Supplemental Motion for Summary Judgment and Motion to Dismiss [#20], and Second Supplement Motion for Summary Judgment and Motion to Dismiss [#24].

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415, 1428-29 (5th Cir. <u>en banc</u>, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of January, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE